## JOHN THOMAS v. THE STATE.

CRIMINAL PROCEDURE.   *Appeals to circuit court.   Non-appearance of appellant.*

   If the accused appeals from a conviction in the justice court, but fails to appear in the circuit court, it is error for that court to *affirm* the judgment of the justice of the peace.   It may either proceed to try the cause *de novo* in his absence (Code 1880, § 3075), or dismiss the appeal and direct a *procedendo* to the justice of the peace, or enter a forfeiture on the appeal bond.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*J. T. Lowe,* for appellant.

It was error to sustain the motion of the district attorney. Sec. 2355, code 1880, gave the remedy. It seems the court followed a rule of its own in this matter. An adequate remedy was also furnished by § 3075 of the code.

*Henry Avant,* on the same side.

*T. M. Miller,* attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

The appellant was convicted before a justice of the peace of assault and battery, and appealed to the circuit court. The record discloses that he failed to appear in said court, whereupon, on the motion of the district attorney, the court *affirmed the judgment* of the justice of the peace.

The appellant having failed to appear for trial in the circuit court, it was competent for that court to have pursued either of three courses : (1) To have proceeded with the trial in the absence of the defendant, Code, § 3075. (2) To have dismissed the appeal and directed a *procedendo* to the justice of the peace, *Ex parte Caldwell*, 62 Miss. 774. (3) To have entered a forfeiture against him and the sureties upon his appeal bond, Code, § 2355. But the court had no power to *affirm* the judgment of the justice of the peace, and it was error so to do.

*The judgment is reversed and cause remanded.*