HENRY M. QUILLAN v. GEORGE C. PAINE.

[47 South. 898.]

SALES OF PERSONALTY. *Lien for purchase money. Code* 1906, §§ 3079, 3080. *Proceedings to enforce. Claimant's issue.*

Under Code 1906, §§ 3079, 3080, giving the seller of personalty a lien thereon for the unpaid purchase price while the property remains in the hands of the first purchaser, and providing that in proceedings to enforce the lien the property shall be dealt with as in an attachment for debt, a third party may in such a proceeding propound a claim to the property and the same should be tried as if the case were an attachment suit.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Paine, appellee, was plaintiff in the court below; one Howell was defendant there and Quillan, appellant, was the claimant. The proceeding was a suit, under Code 1906, §§ 3079–3081, to enforce a purchase money lien on personal property. The plaintiff recovered against defendant Howell and when the claimant's issue was reached the court below dismissed the claim, holding that there was no provision of law authorizing the propounding of such a claim in a statutory proceeding by the

seller of personalty to enforce a lien for unpaid purchase price, and the claimant appealed to the supreme court.

*W. H. Clifton,* for appellant.

The possession of the law must not be disturbed; but all claimants must present their right of property by claimant's issue, worked out in the original suit. Code 1906, § 4237. *Berheimer v. Martin,* 66 Miss. 486.

And this distinctive policy of our law has been extended by statute to seizure of personal property by the law officer under almost every writ known to the law. That policy is, that when personal property has been seized by the sheriff under legal process and is *"in custodia legis,"* and a third party claim title or right to it, he must litigate that right in the original suit or proceeding by claimant's issue, as illustrated in the following proceedings and under the following writs or final process, when personal property is seized under execution and a third party "claims to be the owner of or have a lien on it." Code 1906, §§ 4990, 4992.

This procedure and trial of right of property by claimants is extended to seizure of personal property under attachment writs. Code 1906, §§ 163, 153.

When seizure is under writ of replevin, Code 1906, § 4237.

When seizure is under attachment for rent or distress warrant, Code 1906, § 2868. *Thomas v. Shell,* 76 Miss. 556, 24 South. 876; *Watkins v. Duvall,* 69 Miss. 364, 13 South. 727.

When levied is under writ of seizure to enforce employees' lien, Code 1906, § 3049.

When levy is under writ of seizure to enforce lien for purchase money, Code 1906, §§ 163, 153, 3080.

The statute, Code 1906, § 3080, commands the officer "to seize the property and deal with it as in case of attachment for debt." The chapter on attachments for debt, §§ 163, 153, makes "All provisions of law in relation to third persons claiming property levied on by virtue of *fieri facias* extend and apply to claimants of property levied on by writs of attachment.

*McFarland & McFarland,* for appellee.

The trial court was entirely correct in sustaining appellee's motion to dismiss. Appellant did not pursue the proper course, and the case was properly thrown out of court.

Counsel for appellant insists that appellant has the right to contest this case as he would had it been an attachment for debt, relying upon the language of section 3080 to sustain his position. We respectfully urge that his view is erroneous, that part of the section referring to the code sections on attachment for debt applying strictly to the manner in which the sheriff or constable shall proceed; the method of procedure for the court and parties interested being mapped out in the balance of sections 3080, 3081.

By no method of construction can the clause mentioning attachments for debts be made to refer to any person other than the sheriff or constable.

MAYES, J., delivered the opinion of the court.

On the 17th day of August, 1907, George C. Paine began a proceeding in the justice of the peace court under section 3079, Code of 1906, for the purpose of subjecting certain personal property sold by him to one Jesse W. Howell to a debt for the purchase money thereof, amounting to the sum of $195. On the same date one Henry M. Quillan, trustee in a deed in trust executed by Howell in favor of Gilmore, May & Co. on the property in question, and wherein Quillan was made trustee, interposed as claimant of the property after condition broken. Jesse Howell waived service of process and consented that judgment be entered against him for the amount of the claim due by him to Paine. Issue was made up between the claimant and Paine, and the case tried in the justice court, resulting in a judgment in favor of Paine, condemning the property to be sold for the payment of the purchase money, and dismissing the claimant's issue. From this judgment an appeal was prosecuted to the circuit court by the claimant, and when the case

was called for trial in the circuit court a motion was made to dismiss the appeal of the claimant, on the ground that there was no authority in law for the propounding of such claim in a proceeding of the kind instituted here.

Section 3080 of the Code of 1906 provides that, where a suit is brought by the seller of personal property to subject same to the debt for the purchase money thereof, the property shall be dealt with "as in the case of an attachment for debt," etc. The effect of this reference is to incorporate into section 3080, providing the procedure to be followed by a seller of personal property when undertaking to subject same to a debt for the purchase money, all the provisions of chapter 9 in relation to attachment against debtors as may be necessary to afford a complete and clear remedy to all parties interested, if such remedy is to be found in the chapter referred to. Multiplicity of suits and complicated legal proceedings are always to be avoided, if there is any remedy in the law by which same may be done. When we turn to the chapter referred to in section 3080, we find that by section 163 of that chapter it is provided that "all the provisions of law in relation to third persons claiming property levied on by virtue of *fieri facias* shall extend and apply to claimants of property levied on by virtue of attachment." Section 163 cites section 4990 in relation to the trial of right of property. In section 4990 it is provided, "when any person not a party to the execution shall claim to be the owner of or to have a lien on any personal property levied upon, such person may make affidavit to his right or title to the property," etc. It is thus seen that all of the sections of the code above quoted, in so far as same are applicable, may be used by a claimant of property, where the contest is between him and the seller thereof, in the same manner and to the same effect as if suit arose under an attachment proceeding.

We think the court erred in sustaining the motion to dismiss the appeal, and the judgment is *reversed and cause remanded.*