METROPOLITAN CASUALTY INS. CO. v. CATO.

[74 South. 119, Division A.]

JUDGMENT. *Setting aside default judgment. Absence at trial. Excuse.*
Under the facts in this case as set out in the opinion of the court,
the court *held* that the *nil dicit* judgment against the defendant
taken in the absence of itself and counsel should have been set
aside and the case reinstated.

APPEAL from the circuit court of Washington county.
HON. FRANK E. EVERETT, Judge.

Suit by William R. Cato against the Metropolitan
Casualty Insurance Company. From a judgment
*nil dicit* for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*L. A. Smith,* for appellant.

*Campbell & Cashin,* for appellee.

SYKES, J., delivered the opinion of the court.

This is the fourth and last of a series of cases
appealed from judgments of the circuit court of Wash-
ington county. For a history of the litigation reference
is made to an opinion delivered by this division two
weeks ago. 74 So. 714. The leading counsel for the
appellant insurance company resides at Holly Springs,
and was attending the term of the circuit court in
Washington county ready to assist in the trial of this
case. A motion had been made by the attorneys for the
appellant, defendant in the court below, to strike cer-
tain allegations from the declaration. From the record
it appears that the docket was rather congested. Both
the plaintiff and the defendant were ready to try the
case, and it had been set for trial for a day certain
of a previous week of court, but had not been reached.

A number of other cases were set for trial ahead of this one, and it seemed rather doubtful to counsel on both sides whether or not they would be able to get a trial in regular course. The night before the judgment was taken counsel on both sides had conferred and discussed the matter of trying the case by agreement before a special judge, but had arrived at no definite understanding about the matter. Mr. Smith, the leading counsel for appellant, that same afternoon or night also talked to the presiding judge about the possibility of getting a trial before him. It seems that the judge at that time was rather uncertain about it, but informed Mr. Smith that he would try to give him some idea the next morning or the next day. When court adjourned that afternoon there was on trial a case in which counsel for appellee was engaged. This counsel told Mr. Smith that the case on trial would consume at least six hours the following morning. There was a number of other cases on the docket to be tried in their regular order before this case would be reached.

Instead of going to court promptly upon its convening the next morning, Mr. Smith went to the office of his associate to discuss the tentative agreement relating to trying this case before a special judge. While he and his associate were so engaged, the case on trial in the circuit court was compromised, the judge called the docket, and for one reason or another the intervening cases were passed, dismissed, or continued until the Cato case was reached. When this case was called, counsel for plaintiff announced ready, but no counsel answered for the defendant. Pursuing his rule, which, however, was unknown to Mr. Smith, the circuit judge asked counsel for plaintiff what order he would take. The attention of the judge was called to the motion to strike certain allegations from the declaration. The court then overruled this motion, and at the request of counsel for plaintiff rendered judgment *nil dicit* in favor of plaintiff for the amount sued for. An attorney

who happened to be in the courtroom, in a few minutes
after the judgment was taken, notified Mr. Smith and
his associate of that fact. They at once repaired to the
courthouse and prepared and filed a motion to set aside
the judgment. (The record indicates that this occurred
within about an hour after the judgment was rendered.)
Mr. Cato, the plaintiff, who seems to have been the only
witness in his case, was present in the courtroom at the
time the attorneys for the defendant filed this motion.
The defendant's attorneys had not filed any pleas in
the case, but were waiting for their motion above men-
tioned to be disposed of. However, they had already
furnished opposing counsel a copy of the pleas they
would file after the court had acted upon their motion.
In their motion to set aside the judgment and for a
new trial they allege that they had a meritorious defense
to the cause of action. The circuit judge followed his
rule in disposing of a case when it was reached on the
docket. While we fully realize that it is necessary
for a proper and efficient administration of justice that
the trial judges have and exercise great latitude relating
to the dismissal of suits and giving default judgments,
at the same time we also appreciate the severe pen-
alty thus sometimes visited upon a party litigant. In
this case counsel for both parties were anxious and
willing to try the case. They had previously tried two
cases between the same parties involving practically the
same questions in litigation. Mr. Smith was absent
from his home in Holly Springs attending this court in
Greenville solely for the purpose of trying it. While it
is ordinarily the duty of attorneys, when the day their
cases are set for trial has arrived, to be present
all during the sessions of court in order to represent
their clients when their cases are called, at the same
time in this case the reason why Mr. Smith was
not present was because of the fact that the case then
on trial promised to last at least six hours, as stated
to him by Judge Cashin, who was engaged in the case

on trial, and also counsel in the instant case, and of the further fact that there were a number of other cases pending for trial set ahead of it. The reason why both counsel for defendant were not present in the court was because of an honest belief that the case would not be reached for several hours, and that they were discussing the advisability of a trial before a special judge. In view of all the circumstances in the case we do not think counsel were guilty of any negligence in the premises. Plaintiff could have been in no way injured by reinstating the case on the docket upon the arrival of Mr. Smith and associate counsel in the courtroom. The plaintiff was still in the courtroom ready for trial. The defendant was also ready for trial. On the other hand, it was a hardship visited upon this appellant and upon his counsel to overrule the motion. In proper instances where parties or counsel are guilty of negligence or neglect in failing to attend court and look after their litigation, this negligence or neglect of duty should be punished. In the case at bar, however, the excuse of counsel was a good one, and the court should have set aside the *nil dicit* judgment, allowed the pleas to be filed, and given the defendant a trial of the cause upon its merits.

*Reversed and remanded.*