MORRIS *v.* CITY OF TUPELO.

[93 South. 453, Nos. 22446, 22448, 22449.]

MUNICIPAL CORPORATIONS. *Error to dismiss appeal from conviction in city court, triable de novo, where counsel appearing for defendant unavoidably delayed.*

Where a person is convicted of a misdemeanor in a police court and appeals to the circuit court, where the law provides for a trial *de novo,* it is error to dismiss the appeal and order a *procedendo* and refuse to reinstate on timely motion, where it is shown that the absence was caused by accident, and when the attorney for the defendant entered an appearance and offered to go to trial in the absence of the defendant, where there is nothing to show that the personal appearance of the defendant is necessary for the proper trial of the cause.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Walter Morris was convicted in the city court of Tupelo for the unlawful sale of intoxicating liquors, and appealed to the circuit court, where his appeal was dismissed. From an order overruling his motion to set aside the dismissal, defendant appeals. Reversed and remanded.

*George T. Mitchell,* for appellant.

I ask in all fairness what harm could have come to the city of Tupelo by granting this defendant a trial upon the merits at just as early a time as the case would have been

tried on its merits had defendant been present in the court-room when his case was first called? It is common knowledge that the court concludes the sounding of the docket before taking up the trial of any case, and as the sounding of the docket had not been concluded when defendant appeared in the courtroom, it cannot be successfully contended that his absence delayed the court in the least.

In the case of *Durden* v. *State,* 59 So. 844, relied upon by counsel for the city in the court below, and which I suppose will be relied upon here, when the defendant in that case was called in the circuit court, he made no answer either in person or by attorney. In the instant case, appellant appeared by attorney and announced ready for trial. In the Durden case, defendant simply filed an affidavit stating that he was ignorant of the law relative to his attendance upon court. In the instant case, we show conclusively every effort upon the part of appellant to be present when his case was called. In the Durden case this court says:

"There is no fixed rule governing the matter of re-instating a case, where dismissal has been ordered because of the failure of appellant to appear and answer the charge against him, as required in his appeal bond. Each case arising must be addressed to the sound judgment of the trial judge in the exercise of his discretion."

In the case of *Walters* v. *State,* 90 So. 76, advance sheets of January 14, 1922, Walters did not appear in court when his case was called, but he was represented by counsel who filed an application for a continuance or a postponement of the case until a later day. The court below overruled the application for a postponement and tried the defendant in his absence. He was convicted and thereupon Walters filed a motion for a new trial on the ground that it was impossible for him to appear in court the day his case was tried. Testimony was taken on the hearing of this motion, but the proper notice was not given to the stenographer to transcribe and file his notes and therefore the stenographer's notes were not contained in the record.

This court in passing upon the proposition simply said that in the absence of the stenographer's notes, that is, in the absence of any testimony in the record tending to substantiate the motion, it must be presumed that the facts justified the lower court in its action. In the instant case, we have a full and complete copy of all the evidence taken on the hearing of the motion to reinstate and there can be no question but that the facts contended for by appellant are absolutely true. It will also be noticed that in the Walters case, where he was represented by counsel, the appeal in that case was not arbitrarily dismissed, but the court tried him in his absence, which it had a perfect right to do so far as the record in that case is concerned.

When we stop and realize that it should be and is the purpose of the law to grant to every man charged with crime a fair and impartial hearing upon the merits of his case, and that it is the duty of the court to exercise his discretion in a manner that is calculated to protect the rights of both the state and the defendant, I feel sure that this court, after a careful perusal of the record in this case, will necessarily be driven to the conclusion that the court below unwittingly acted arbitrarily in the matter and that he abused his discretion in denying the motion to reinstate this case. If this defendant is guilty, there will be no trouble in securing his conviction before a jury and, under the facts of this record, he is certainly entitled to have his fate decided by a jury.

I therefore respectfully submit that the case should be reversed and the lower court ordered to reinstate these cases on the docket.

*Mitchell & Clayton,* for appellee.

As we understand the law, appellant was required to stay in the courtroom until his case was called. This is true whether the case is called on the first day of court or any other day of the term. This is true although he might be inconvenienced by having to remain in the place where

court is held from day to day, and not be allowed to go to his home at night. The court is not concerned with this.

In this case appellant attended court on Monday the first day of court and under the law he was required to be present in court each day. He left for home at his own risk. This has been the rule announced by our court for so long a time that it seems unnecessary to cite authorities. As far back as 6 Southern Reports in the case of *Bush* v. *State,* 6 So. 647, this court held that it was not error to dismiss appeal on failure of the defendant to appear when called. It was held in that case that proper procedure was to dismiss the case with *procedendo* to the lower court.

In the case of *Henderson* v. *State,* 8 So. 649, the court followed its former holding and affirmed the judgment of the circuit court in dismissing an appeal from justice court, on failure of the defendant to answer when his case was called. The same rule is laid down in the cases of *Thomas* v. *State,* 68 Miss. 91, and *Henning* v. *Greenville,* 69 Miss. 214, and *Durden* v. *State,* 59 So. 844.

In the light of these authorities it seems useless to argue the facts in this case, but it is well for the court to understand that according to the appellant's own testimony his delay was not sufficient to excuse his failure to appear at court. We submit that appellant cannot complain at the action of the court in dismissing his appeal. Of course, he cannot appeal to this court from the action of the trial court in taking forfeiture on the bond until that matter is made final. The judgment in that respect is not final. This court can only review the action of the trial court in dismissing appeal with *procedendo.*

We fail to see how counsel for appellant can get any consolation out of the case of *Watts* v. *State,* 90 So. 76, recently decided by this court. In that case the lower court simply exercised the discretion vested in it and permitted a trial in the absence of accused. That was purely discretionary and the court could have dismissed the appeal with just as much safety. The whole matter is left to the sound

discretion of the trial court. In the Walters case the defendant had answered and his case was set for a day certain for trial and this court refused to reverse the judgment of the trial court in dismissing the appeal. Instead of being authority for appellant's contention this case strengthens our position in the case at bar. We wish to adopt that part of the opinion with reference to "moonshine" which is also especially applicable to the case at bar. We submit that the trial court did not abuse the discretion vested in it in this cause.

Ethridge, J., delivered the opinion of the court.

The appellant was convicted in the city court for the unlawful sale of intoxicating liquors, and sentenced to pay a fine of one hundred dollars and serve thirty days in prison, and appealed to the circuit court. When the case was called in the circuit court the appellant was not present in person, but his attorney announced present for him, and stated that he was practically sure that the defendant had had some car trouble or other accident on his way to Tupelo, and was practically sure that he would be in court in a short time. The court thereupon announced that a forfeiture would be taken on his bond, and his appeals dismissed. The attorney thereupon announced that he was ready for trial in each of the cases, and that the presence of the defendant would be waived. The court declined to grant a trial in the said cases, but took judgment *nisi* against the said bonds in each of the said cases. Just a few minutes after the last case was called, forfeiture taken, and appeal dismissed, the defendant appeared in the court and announced ready for trial, and a motion was made to set aside the order of dismissal in each of the cases and to allow the defendant to go to trial. The motion was accompanied by affidavit: That the defendant was in attendance in the circuit court on the day previous to the dismissal, and that he had returned home in his automobile for the night, and that he lived about twenty miles

on a good road, and that the time for making the trip was usually from forty to fifty minutes. That he made the trip by automobile in company with his wife and two others, and that he left home about six o'clock in the morning for the purpose of attending court. That they had some trouble in getting the car started, but finally left home about 6:30 a. m.; that after traveling a short distance they had a puncture, and were delayed about thirty minutes. That after getting the tire trouble fixed they immediately started, and on reaching the slough bridge over town creek, some ten or twelve miles from Tupelo, they found a large road truck broken down on the bridge across the slough. It was necessary to wait until the truck was fixed before they could start on their journey. That upon inquiry as to the time it would take to get the truck out of the way they were informed that it would be only a few minutes, but that it took about one hour, which delay caused them to be late at court.

The testimony of the several parties was taken, and the evidence sustained the allegations of the affidavit as to the circumstances causing the delay. It appears from the testimony that the court convened about eight o'clock, and that some time was consumed in sounding the docket. There was some difference as to the exact time at which the defendant arrived in court, but the testimony shows that no other case had been taken up for trial. The court declined to reinstate the cases, and in his opinion, overruling the motion to reopen the case, stated he was of the opinion that, giving credit for the necessary delays testified to, he could have still reached the courthouse in time; that he was constrained to believe that there was something else hindering the defendant besides the things stated; also that the defendant could have come on the early morning train from Nettleton, where he lived, to the courthouse, and reached court in time. From the judgment overruling the motion to set aside, this appeal is prosecuted, and the refusal assigned as error.

It will be noted from the statement that when the case was called counsel for the defendant entered an appearance and offered to try the case upon the merits, and stated that he was sure there was some excuse for the delay. The trial judge has certain discretion as to whether he will dismiss a case or proceed to trial in the absence of the defendant, but this discretion is a judicial discretion, and must have a reasonable basis. On appeals from inferior criminal courts to the circuit court the cause is tried *de novo,* and the burden is upon the state to produce evidence to make out the offense. Under the law a party has a right to appear in person or by attorney in criminal cases, and unless there is some reason why the personal presence of the defendant is necessary, such as questions of identification and others that might occur, there would be no necessity for a defendant to be in the court until after conviction, where he had an attorney, as the court could not use the defendant as a witness against himself. It better comports with the spirit of the law to have cases tried upon their merits, unless there is a substantial reason for some other course. In the cases of *Bush* v. *State* (Miss.), 6 So. 647; *Henderson* v. *State* (Miss.), 8 So. 649; *Thomas* v. *State,* 68 Miss. 91, 8 So. 647; *Henning* v. *Greenville,* 69 Miss. 214, 12 So. 559; and *Durden* v. *State,* 102 Miss. 570, 59 So. 844—there was no appearance by attorney for the defendant nor was there any testimony shown by the report of the cases as to why the defendant was not present, which makes those cases differ materially from the present case. There is nothing in the record to show that the personal presence of the defendant was necessary for the purpose of a trial in the present case. The testimony in the record we think shows a reasonable excuse for not being in court promptly when the case was called. A circuit court should make due allowance for unforeseen or unavoidable delays and defaults. It is true the defendant could remain in the town where the court was being held, but under the circumstances shown in this record it was not unreasonable for the defendant to go home and return

from there the following morning. Under ordinary circumstances he would have reached court in ample time, but by reason of unforeseen accidents he was detained. And in view of all the facts in evidence we think it was error for the court to refuse to set aside the dismissal and try the case on its merits. *Metropolitan Cas. & Ins. Co.* v. *Cato,* 113 Miss. 312, 74 So. 119.

*Reversed and remanded.*