## JUDON *v.* STATE.

[95 South. 521. No. 23112.]

CRIMINAL LAW. *Judgment dismissing appeal from justice court should have been set aside when defendant and bondsmen were present and so notified court shortly after dismissal.*

Where ignorant negro was appealing from conviction in justice court in good faith, and he and his bondsmen were present, but he had stepped outside the courtroom, and neither he nor the bondsmen appreciated the fact that the case was called for trial, but they notified the court of their presence and asked for a trial within a few minutes after the case was called, a judgment dismissing the appeal should have been set aside, and a hearing on the merits granted.

APPEAL from circuit court of Pontotoc county.

HON. C. P. LONG, Judge.

King Judon was convicted of an offense in justice court, and his appeal was dismissed by the circuit court, and he appeals. Reversed and remanded.

*Mitchell & Mitchell,* for appellant.

We think this case comes clearly within the principle recently announced by this court in the case of *Morris* v. *The City of Tupelo,* 93 So. 433. To dismiss an appeal under the circumstances as shown by this record would make the courts a trap to catch the ignorant and unwary rather than a means for the administration of justice.

In overruling the motion to set aside the order dismissing the appeal, the court admitted the facts to be as stated by the witness on the motion, yet as a reason for overruling the motion stated that such a precedent would lead to endless confusion in the court. We respectfully submit that no court should be afraid to establish a precedent when in doing so he clearly obeys the ordinary dictates of conscience as to what is just, fair and right.

We respectfully submit that the judgment of the court should be reversed and the cause remanded for a trial on the merits.

*C. E. Dorrah,* special agent, for the state.

The only question in this case to be decided is whether the action of the court was reasonable under the circumstances. This court passed on a recent case, which is cited in appellant's brief, styled *Morris* v. *The City of Tupelo,* 93 So. 433, and in the light of the above decisions, and on the record, this case is submitted to this court to decide whether or not the action of the lower court was reasonable.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pontotoc county dismissing an appeal by Judon from a conviction and fine of two dollars and fifty cents and twenty-nine dollars costs in the justice court.

The case against appellant was called for trial by the court, and he failed to answer; whereupon an order was entered dismissing the appeal, and a forfeiture was taken against the appeal bond. It seems the appellant and sureties on his bond were present in the courthouse, but failed to answer when the case was called. They appeared a few minutes thereafter and moved the judgment dismissing the appeal be set aside and a trial on the merits granted. The court overruled the motion, and it is from this action the case is appealed.

We here set out in full the testimony and action taken by the court on the motion, as appears in the record:

"A. D. Morrison (white) sworn and introduced by the defendant in support of the above motion, and, on being examined by Mr. Mitchell, testified as follows:

"Q. You are on this negro's bond? A. Yes, sir.

"Q. Do you know whether he was here Tuesday morning when his case was called? A. He was here.

"Q. Where was he? A. Standing out there in the hall, in that hall out there (indicating).

"Q. Outside of the door? A. Yes, sir.

"Q. Did he answer to his name when his name was called? A. No, sir.

"Q. What kind of a negro is he with reference to having any sense about court? A. He ain't got no sense.

"Q. Did you go and get him after he was called and bring him in there? A. Yes, sir.

"Q. How long had it been? A. About a minute or two.

"Cross-examination (by Mr. Berry):

"Q. Were you in the room when his name was called? A. Yes, sir.

"Q. You were one of his bondsmen? A. Yes, sir.

"Q. Where were you sitting? A. Over yonder (indicating).

"Q. Did you look for the negro? A. Yes, sir.

"Q. Did you see him? A. No, sir.

"Q. Where did you find him? A. Standing out yonder leaning up against the banister.

"Q. Why didn't you answer for him? A. I didn't know but what he answered.

"Q. Weren't you here when we took a forfeiture on his bond? A. I stepped out there after him; I saw him still standing there.

"Q. How long after we called him before you brought him back in the room? A. About a minute or two.

"Q. (by the Court). You didn't notify the court in that minute or two, did you? A. I notified Mr. Mitchell.

"Mr. Mitchell: Yes, sir; we called your attention to it.

"The Court: I know, but it wasn't a minute or two; it was some several minutes.

"Mr. Alvis Mitchell: The court was calling the docket at the time, and we didn't want to interrupt him.

"The Court: What was this negro charged with; disturbing a family?

"Mr. Mitchell: No, sir; he is not charged with anything, I don't think.

"The Court: I know, but what were they trying to charge him with in the justice court?

"Witness: Some kind of a concert.

"The Court: Some kind of a public gathering?

"Witness: Yes, sir.

"The Court: How much was he fined in the justice court?

"Mr. Mitchell: Two dollars and a half and twenty-nine dollars cost.

"Witness: The whole thing amounted to forty some odd dollars, I know.

"The Court: Maybe the cost is too big. I may have to retax the cost. Have a jury in this case in the justice court?

"Mr. Mitchell: No sir.

"(Witness dismissed.)

"King Judon (negro), defendant, sworn and introduced, and, on being examined by the court, testified as follows:

"Q. Cap, how come you didn't answer? A. I don't know, sir. I was standing in the door.

"The Court: Gentlemen, the forfeiture will be set aside on this bond. But, if I start to reinstating cases when a man was standing in the room, there never would be any end to it. There would be the greatest ground for rascality and fraud in this kind of a case. It may be absolutely straight and correct in this case, but, if I establish this kind of a precedent, I never would get a man's case settled. This may be absolutely true and correct, but, if I set this precedent, I never would get a man's case up. I will set aside the forfeiture, but I will let the other stand.

"(To which action of the court defendant then and there excepted.)"

It will be observed the appellant was present at or in the courthouse when his case was called, and that he was prose-cuting his appeal in good faith by making reasonable ef-

fort to be present for a trial on the merits. It is not a case where a party has intentionally ignored the process of the court, nor does it appear that the appellant was indifferent toward his duty to be present when his case was called; but it seems that on account of ignorance in court procedure, and otherwise, neither he nor his bondsmen understood or appreciated the fact that the case was called for trial.

The appellant, we infer from the record, was an ignorant negro field hand. He had stepped outside of the main courtroom, and was there engaged in such pastime as is common with those of his race. If he had actually been inside the trial chamber, it is not certain that he would have understood what to do had he heard his case called. At all events we think the appellant and the sureties on his bond were acting in good faith with the court, were really present when the case was called, and they notified the court of their presence and asked for a trial within a few minutes after the case had been called and dismissed.

We think under these circumstances the court should have set aside the judgment dismissing the appeal, and granted a hearing of the case on its merits. We believe the courts should be liberal in granting trials, to the end that all cases may be heard on their merits. *Morris* v. *City of Tupelo,* 129 Miss. 887, 93 So. 433.

*Reversed and remanded.*