## FLANAGAN v. KING-PEEPLES AUTO CO. et al.

[94 South. 841.  95 South 521.  No. 22886.]

1. SALES. *Forthcoming bond and bond to discharge attachment authorized under purchase-money lien statute.*

   By virtue of this language in section 3080, Code 1906 (Hemingway's Code, section 2437), a section of the purchase-money lien statute "deal with it as in case of an attachment for debt" and "the defendant may replevy the property as in case of attachment against debtors," there was incorporated into and made a part of the said purchase-money lien statute sections 151, 158, Code 1906 (sections 143, 150, Hemingway's Code), authorizing respectively a forthcoming bond and a bond to discharge the attachment.

2. SALES. *Defendant has option either to give forthcoming bond or bond to discharge writ of seizure.*

   A replevin bond is a bond which has the effect of giving the maker thereof possession of the property involved, and therefore in that sense sections 151, 158, Code 1906, (sections 143, 150, Hemingway's Code), are replevin bond statutes; and a defendant in a proceeding to enforce a lien for the purchase money against personal property has the option under said two sections either to give a forthcoming bond for the property or a bond to discharge the writ of seizure.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.
. Suit by W. E. Flanagan against the King-Peeples Auto Company and others. From an order dismissing the bill, plaintiff appeals. Affirmed.

### ON SUGGESTION OF ERROR.

### FLANAGAN v. KING-PEEPLES AUTO CO. et al.

95 South. 521.  No. 22886.

SALES. *Law regarding purchase-money liens deals alone with character of judgment entered where forthcoming replevin bond given.*

Section 3081, Code of 1906 (Hemingway's Code, section 2438), a section of purchase-money lien statute, deals alone with the character of judgment to be entered where a forthcoming re-plevin bond is given. If a replevin bond is given to discharge the writ, the character of judgment to be entered is provided for by the chapter on attachments against debtors where a like bond is given.

Proceeding between W. E. Flanagan and the King-Peeples Automobile Company and others. On suggestion of error in opinion reported in 94 So. 841. Overruled in part and sustained in part.

*Franklin & Easterling,* for appellant.

*Flowers & Brown* and *R. H. Kirby,* for appellees.

Anderson, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Sunflower county dissolving an injunction issued against the enforcement of a judgment at law, and dismissing the bill upon which said injunction was issued. The bill was brought by appellant, W. E. Flanagan, one of the defendants in the judgment sought to be enjoined, against the appellees King-Peeples Auto Company, a partnership, the plaintiffs in said judgment, and A. C. Cox, the sheriff of Sunflower county, who was attempting to enforce said judgment by levy of execution issued thereon upon the lands of appellant. This judgment was rendered by the circuit court of Tallahatchie county in favor of appellees King-Peeples Auto Company against one C. F. Evans, the defendant in said cause, and appellant and one L. B. Bright, his sureties on a bond given by him during the progress of said cause. The validity of the judgment in question, so far as appellant is concerned, depends on the purpose and effect of that bond, and, in order to determine this, a consideration of the history of the cause in which it was given is necessary.

The suit in which said bond was given was a suit by appellees King-Peeples Auto Company against said Evans under sections 3079-3081, inclusive, Code of 1906 (sections 2436 to 2438, inclusive, Hemingway's Code), purchase-money lien statute, to enforce payment of the purchase money of an automobile theretofore sold by them to said Evans. A writ of seizure was issued as provided by the statute and levied on the automobile in question. Thereupon the defendant Evans executed a bond in the form of a bond to discharge an attachment as provided for by section 158, Code of 1906 (section 150, Hemingway's Code), which was accepted and approved by the officer levying said writ, who by virtue of the execution of said bond delivered said automobile back to said Evans. This bond was made payable to appellees King-Peeples Auto Company, is in a penalty double the amount of the indebtedness involved in said suit, and is conditioned to pay whatever judgment the court might render against the defendant therein, Evans. Said cause was tried, resulting in a verdict and judgment against said Evans and appellant and his cosurety Bright on said bond for the amount of the purchase money found to be due on said automobile; and the judgment also condemned the automobile to be sold for its payment. Soon after the judgment was rendered the automobile was turned over to the sheriff, who sold it and applied the proceeds thereof to the judgment which left the larger part of it unpaid. Execution was then issued for the balance of the judgment and levied by the appellee Cox, as sheriff, on the lands of appellant, who brought the bill in this cause to enjoin the further enforcement of said judgment as to appellant, on the ground that the condition of said bond had been discharged by the return of said automobile to the sheriff and its sale and application of the proceeds as above stated, and for that reason the court was without authority to render any judgment against appellant as surety on said bond, and

132 Miss.—7

therefore said judgment so far as it concerned appellant was void. So the question is whether the bond which was given was authorized by law. Appellant contends that the only bond authorized was a forthcoming bond under section 151, Code of 1906 (section 143, Hemingway's Code), which he alleged in his bill was intended to be given. While appellees contend that a bond either under said section or under section 158, Code of 1906 (section 150, Hemingway's Code), was authorized by law, and a bond having been executed as provided by the latter section, the principal and sureties are bound by its terms. The solution of the question depends upon the interpretation of the following language of the purchase-money lien statute (the latter part of section 3080, Code of 1906; section 2437, Hemingway's Code):

"Whereupon the clerk of the court, or justice of the peace in cases before him, shall issue a writ of summons and seizure, commanding the officer to seize the property and deal with it as in the case of an attachment for debt, and to summon the defendant as in other cases. The defendant may replevy the property as in the case of attachment against debtors."

It will be noticed that the statute provides that the officer seizing the property shall deal with it "as in the case of an attachment for debt." In discussing the purpose and meaning of this clause of the statute in *Quillan* v. *Paine*, 94 Miss. 696, 47 So. 898, the court said:

"Section 3080 of the Code of 1906 provides that, where a suit is brought by the seller of personal property to subject same to the debt for the purchase money thereof, the property shall be dealt with 'as in the case of an attachment for debt,' etc. The effect of this reference is to incorporate into section 3080, providing the procedure to be followed by a seller of personal property when undertaking to subject same to a debt for the purchase money, all the provisions of chapter 9 in relation to attachment against debtors as may be necessary to afford a complete

and clear remedy to all parties interested, if such remedy is to be found in the chapter referred to."

There is as much reason to hold that by that language of the statute the section of the attachment statute providing for a bond to discharge the attachment was intended to be incorporated, as that the section of the attachment statute providing for a forthcoming bond was so intended. In the application and enforcement of the purchase-money lien statute one would be as useful as the other. If the defendant desired to retain the property taken by the writ of seizure, and had no purpose of disposing of it pending the suit, a forthcoming bond would be appropriate; while, on the other hand, if he wished to get possession of it from the officer with a view of disposing of it pending the suit, a bond to discharge the writ would be appropriate.

But appellant contends that the last sentence of that part of the statute above quoted precludes the giving of any other bond than a forthcoming bond. This is its language:

"The defendant may replevy the property as in case of an attachment against debtors."

A replevin bond is simply a bond which has the effect to give the maker thereof possession of the property involved. Rawle's Bouvier (3d Ed.), p. 2891. This is as effectually accomplished by a bond to discharge the writ as a forthcoming bond. They are both replevin bonds in the sense of this statute. We conclude that the bond in question was authorized by the statute, and therefore valid. And this is true notwithstanding the judgment went too far and condemned the automobile to be sold for its payment, for that part of the judgment is mere surplusage; and furthermore appellant, as surety, is not harmed thereby, but benefited to the extent of the proceeds of the sale of the car.

Therefore he has no ground of complaint.

*Affirmed.*

## OPINION ON SUGGESTION OF ERROR.

ANDERSON, J., delivered the opinion of the court.

Section 3081, Code of 1906 (section 2438, Hemingway's Code), providing the character of judgment to be entered where bond is given, deals alone with a replevin bond for the forthcoming of the property. It has no reference to a replevin bond conditioned to discharge the writ. We see no good reason to recede from the holding in *Quillan* v. *Paine,* 94 Miss. 696, 47 So. 898, that all of the provisions of the chapter on attachment against debtors "necessary to afford a complete and clear remedy to all parties interested" were incorporated into and became a part of the purchase-money lien statute. As we have said, there is just as much reason in a proceeding under this statute that a defendant should have the right to replevy the property by means of a bond to discharge the writ as that a defendant in attachment may do so. If such a bond is given, as was done in the present case, the character of judgment to be entered is to be found in the chapter on attachment against debtors. Appellant became surety on such a bond, and we think has no right to complain either from a legal or a moral standpoint.

In the opinion handed down in this case the court overlooked the assignment of error covering the damages allowed by the chancery court on the dissolution of the injunction. Counsel for appellees in their brief confessed that the court erred in this respect, using this language:

"Counsel's position in respect to this point seems to be well taken. The learned chancellor should not have been allowed the one hundred seventy-five dollars damages as attorney's fee upon the dissolution of the injunction. The proper amount to have been allowed was five per cent. of the amount of the judgment, which was one thousand five hundred fifty-nine dollars and fifty-five cents. We therefore ask that the court reduce the amount of damages allowed from one hundred seventy-five dollars to seventy-

seven dollars and ninety-eight cents, which amount is five per cent. of the judgment. A remittitur to that extent is herewith voluntarily entered."

We find no merit in the suggestion of error except as to the damages allowed on the dissolution of the injunction. Therefore we overrule the suggestion of error, except as to such damages, which are reduced from one hundred seventy-five dollars to seventy-seven dollars and ninety-eight cents.

*Suggestion of error overruled in part and sustained in part.*