EVANS *et al. v.* KING-PEOPLES AUTO CO.*

(Division B.    April 21, 1924.)

[99 So, 758.    No. 24102.]

JUDGMENT.    *Order setting aside judgment after term held properly vacated.*

Where a suit was filed on purchase-money notes given for the purchase price of an automobile, and the defendant on seizure of said automobile in such suit gives bond conditioned to satisfy the judgment to be rendered, and where on the trial a judgment is entered against the sureties and principal for the amount of the debt, and condemns the automobile to be sold to pay the judgment and enter a substituted judgment, but afterwards, on motion, sets aside such vacation order, the court on appeal holds such action in reference to the last order is valid and proper, and that the original judgment should stand in force.

———————

*Headnote 1.    Judgments, 23 Cyc, p. 976.

APPEAL from circuit court of Tallahatchie county.
HON. GREEK L. RICE, Judge.
Action by C. F. Evans and another against the King-Peoples Auto Company.    From a judgment for defendant, plaintiffs appeal.    Affirmed.
See, also, 132 Miss. 95, 94 So. 841; 95 So. 521.

*Hays, Stingily & Whitten,* for appellants.

The court, in entering the judgment appealed from, acted on the theory that the judgment affected by it was a void judgment, having been entered after the adjournment of the term, and that a void judgment could be set aside at any time.
Two questions arise: (1) Can a court set aside a void judgment, even after the adjournment of the term if the

judgment entered was in fact the judgment of the court with no mistake involved? It will be remembered that the judgment appealed from was also entered after the adjournment of the term at which the judgment set aside was entered, and only for the reason that the court changed his mind about the law.

Even if the judgment which was attempted to be set aside by the judgment appealed from, had been hopelessly void, still the court was in error in entering the judgment by which it was attempted to be set at naught, for the reason that this last judgment itself was entered at a subsequent term, and the court had lost jurisdiction. The judgment entered was exactly the judgment the court then intended to enter; and after adjournment of the term there was left no power to correct, change or amend it. Of course, this might be otherwise if there had been a mistake about it, and if the judgment had been other than the judgment which the court had actually made. The January, 1923, judgment was the judgment the court intended to make; but, even if void the September, 1923, judgment is also void. *McComb* v. *Doe,* 8 S. & M. 505, 519.

In the judgment appealed from there was no effort to correct a mistake, miscalculation, or mis-recital of any sum of money, quantity or anything, or of any name, so as to authorize a correction of the judgment under section 736 of the Code, nor was the judgment made to correct a judgment erroneously entered and which was therefore never the judgment of the court. We submit therefore that the court erred in entering the judgment appealed from and that this case ought to be reversed for that reason, and this, even though the judgment entered by the court in January, 1923, was void.

(2) Next, is the January, 1923, judgment void? It is not. The court does have power to strike out a judgment erroneously entered by a mistake of the clerk at a former term and to substitute for it the wholly different

judgment actually entered by the court, and this, at any time, even years after adjournment of the term. *Wilson* v. *Town of Handsboro,* 99 Miss. 252, 257; *Forbes* v. *Narva,* 63 Miss. 1; *Cotton* v. *McGhee,* 54 Miss. 622; *Powers* v. *State,* 83 Miss. 697; Freeman on Judgments, section 71; *Frenk* v. *Frenk,* 80 Am. Dec. 190; *Remick* v. *Butterfield,* 64 Am. Dec. 316.

It follows from the holdings of these cases that the judgment entered in vacation in January, 1923, was a valid judgment, and the judgment rendered at the September term, 1923, from which the appeal is prosecuted, is a void judgment. Therefore this case ought to be reversed on this appeal, and the petition of the appellee ought to be dismissed.

*Chapman, Moody & Johnson,* for appellee.

On the facts, disclosed by the record, the first judgment, rendered September 8, 1920, was the only judgment which, under the law, could have been entered. That judgment is a perfectly *valid.* judgment in every respect. This question has been settled, by this court, as to that identical judgment. *Flannigan* v. *King-Peoples Auto Company,* 94 So. 841.

The inherent power of a court of record to vacate a judgment, rendered at a former term, so as to strike out a judgment erroneously entered by mistake, and substitute for it a wholly different judgment, actually rendered by the court, is not, we submit, presented by the record. There is nothing in the record (and the lower court when it passed on the motion, only "examined the files, memoranda and papers in said cause,") to even indicate that the judgment entered was different from that actually rendered. To the contrary, the judgment entered, and which was attempted to be set aside was the only judgment, which, under the law, as this court has held, should have been entered.

What, in fact, the lower court, on the motion, was asked to do, and what, in fact, it did, was to review the

case and render a different judgment from that entered. This, it cannot do.   23 Cyc., page 868.

The judgment, as actually entered on the minutes, is that of the court, and not simply that of the judge.   During the term the judge, of course, has control of the judgments entered, and, his opinion as to their validity or invalidity, regularity or irregularity, controls.   After the term the judgment is that of the court free from the control of the judge.   Therefore, the question is, has the court, at a subsequent term, the power to vacate a *valid* judgment, rendered at a former term, even if the judge intended, or in fact ordered, an erroneous judgment to be entered?   To so hold would be to make the judgment, formerly entered, that of the judge and not that of the court.   What is stated applies to a *valid,* not an invalid or irregular judgment, formerly entered by the court. The rule is that the court, at a subsequent term, has the inherent power to vacate a final judgment entered at a former term, if irregular or invalid, and different from that which the judge ordered entered, but not a *valid* judgment.

If the court was without the power to vacate the first judgment, then the order to that effect is void and may be, at a subsequent term set aside.   23 Cyc. 905; *Meyer* v. *Whitehead,* 63 Miss. 387.   If, however, the said order be not void, but erroneous, it should be reversed on the cross-appeal, in which event the original judgment is restored.   23 Cyc. 976, par. 7.

*R. H. Kirby,* also for appellee.

The alleged corrected judgment or order is a new judgment altogether and not a correction of the original judgment, and therefore the court had no jurisdiction to grant it.   Upon its face it claims to be a correction of some error, miscalculation and misrecital of a sum of money, as provided for in section 736, Hemingway's Code. But does it correct any such error?   We say it does not,

because there was no such error as contemplated by section 736. The court pronounced judgment, and the judgment was entered just as pronounced. See Ruling Case Law—Judgments, pp. 124-127-129-130, as well as the cases cited by opposing counsel, to-wit: *Wilson* v. *Town of Handsboro,* 99 Miss. 252; *Forbes* v. *Navra,* 63 Miss. 1; *Cotton* v. *McGhee,* 54 Miss. 622.

As to the power of the court to set aside and vacate the said corrected judgment and re-instate the original judgment, we submit that the court had the power to do so because said so-called corrected judgment was void upon its face, and was entered subsequent to the time when this court had passed upon said original judgment and held it to be good and valid.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Evans, bought from the King-Peoples Auto Company, a partnership, a certain automobile, paying part cash and giving deferred notes for the balance. The notes, amounting to sixteen hundred twenty-eight dollars and fifty cents principal, with interest and attorney's fees, becoming due and unpaid, suit was filed and a writ of seizure issued to seize the said automobile for the purchase money thereof. Evans, Flannigan, and Bright executed a bond which, omitting the formal parts and signatures, reads as follows:

"We, C. F. Evans, principal, and W. E. Flannigan and L. A. Bright, as sureties, are held and bound to pay King-Peoples Automobile Co. the sum of thirty-two hundred fifty-seven dollars, unless the said C. F. Evans shall satisfy any judgment which may be recovered against him by said King-Peoples Automobile Co. in his attachment suit against the said C. F. Evans for sixteen hundred twenty-eight dollars, returnable before the circuit court of the Second judicial district of Tallahatchie county on the 1st Monday of September, A. D. 1920."

At the return term of the circuit court the cause was tried and the jury returned a verdict for plaintiff for

sixteen hundred twenty-eight dollars and fifty cents principal, sixty-five dollars interest, and one hundred sixty-nine dollars and thirty-five cents attorney's fee, and found by their verdict that the said automobile was entitled to be subjected to the said indebtedness. The court thereupon entered a judgment reciting the verdict and facts, reading:

"It is therefore considered and ordered that the said plaintiffs L. B. King and Ben Peoples, partners under the firm name and style of King-Peoples Automobile Company, do have and recover from the defendant C. F. Evans and L. A. Bright and W. E. Flannigan, the sureties on his bond, the sum of eighteen hundred sixty-three dollars and eighty-five cents, together with all costs herein, and that one case sport model automobile No. 9N 36162, in the possession of the defendant, may be subjected to the payment thereof in so far as it will discharge said indebtedness, and the sheriff is hereby authorized and directed to take into his possession said automobile and sell the same according to law to apply on said indebtedness, for all of which execution may issue."

Thereafter execution was issued and the automobile sold by the sheriff, and an execution was issued to Sunflower county against the surety Flannigan, the judgment having been rendered in Tallahatchie county, and execution was placed in the hands of the sheriff of Sunflower county, whereupon the said W. E. Flannigan sued out a writ of injunction against the execution which had been levied upon his land, which injunction suit was answered by the sheriff of Sunflower county and King and Peoples doing business under the firm name of King-Peoples Auto Company, and on the hearing the injunction was dissolved on the 20th day of December, 1921, by the chancellor, from which judgment an appeal was prosecuted to this court, where the judgment of the chancellor dissolving the injunction was affirmed. See *Flannigan* v. *King-Peoples Auto Co.,* 132 Miss. 95, 94 So. 841, 95 So. 521.

W. E. Flannigan, at the March term, 1922, of the circuit court of Tallahatchie County, filed a motion to set aside and vacate the judgment rendered at the September term, 1920, in this cause, and to enter a corrected judgment, alleging in his motion that the judgment rendered against him personally was largely in excess of the value of the automobile, and that the sheriff tendered him the bond and he signed it without reading it, thinking it was the ordinary forthcoming bond provided for under the statute in proceedings to enforce purchase-money liens. This motion was taken under advisement by the circuit judge, and on the 16th day of January, 1923, the circuit judge entered an order on the minutes attempting to sustain the said motion, reciting in this order that there was a mistake, and that the judgment actually entered was not the judgment of the court, and should not have been entered by the clerk, and entered in lieu thereof the following judgment (after reciting facts):

"It is therefore ordered and adjudged that the plaintiffs L. B. King and Ben Peoples, doing business under the firm name of King-Peoples Auto Company, do have and recover of the defendant C. F. Evans the sum of eighteen hundred sixty-three dollars and eighty-five cents, together with costs herein, and that one Case sport model automobile, No. 9N 36162, in the possession of the defendant on a forthcoming bond, be restored to the sheriff and subjected to the payment thereof in so far as it will discharge the said indebtedness; that, upon failure of the said C. F. Evans, the defendant, to restore the said car to the said sheriff, then the plaintiff do have and recover of and from W. E. Flannigan and L. A. Bright, sureties on his bond forthcoming, the value of said car, which is hereby found to be less than said judgment for all of which let execution issue."

At the September term, 1923, of the circuit court in said county, a motion was made by King-Peoples Auto Company to set aside and vacate the order entered by

the court the 16th day of January, 1923, which motion was by the court sustained, and the original judgment entered at the September term, 1920, was restored, from which last judgment this appeal is prosecuted.

It will be seen from the opinion of this court above cited, 132 Miss. 95, 94 So. 841, 95 So. 521, that the bond given by the defendant Evans with Flannigan and Bright as sureties, was a valid bond, and authorized judgment to be entered thereon for the amount of the debt. The judgment therefore was not an unauthorized judgment, but a judgment which could rightfully be entered and ought to have been entered because its condition is to pay the debt and not to restore the automobile seized. There is nothing in the record to show that the court intended to enter any other judgment at the time when the judgment was rendered than the one it did enter. There was no showing made of any kind that there was any error of any kind by the court, or any misunderstanding of the judgment to be entered by the clerk other than the recital in the judge's order of January 16, 1923, about one and one-half years after the rendition of the judgment, and in our opinion this is not a case which warrants the judge in setting aside a judgment rendered during the term, after the expiration of the term, on the ground of mistake or error in rendering the judgment. The record should show wherein the judgment entered was not the judgment which was actually pronounced by the court on the verdict of the jury. Consequently the judge did not err in setting aside this vacation order and reinstating the original judgment.

The judgment will therefore be affirmed.

*Affirmed.*